## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CAESAR MARK CAPISTRANO,

Petitioner,

v.

WARDEN STEVIE M. KNIGHT,

Respondent.

Civil Action
No. 23-2813 (CPO)

**OPINION**

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with an Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (hereinafter "Petition"). (ECF No. 11.) For the reasons stated in this Opinion, the Court will construe the Petition as a motion under § 2255 and transfer this matter to Petitioner's sentencing court, the United States District Court for the Northern District of Texas.

## I.    BACKGROUND

This case arises from Petitioner's challenge to the validity of his convictions and sentence.[1] (ECF No. 11.) In June of 2021, the United States District Court for the Northern District of Texas sentenced Petitioner, a doctor, to a 240-month term of imprisonment for drug related crimes in connection with a pill-mill operation. *See United States v. Capistrano*, 74 F.4th 756, 765–66 (5th Cir.), *cert. denied*, 144 S. Ct. 516 (2023).

---

[1] Petitioner phrased Ground Four as a "condition of confinement" claim. (ECF No. 11-1, at 12.) That claim, however, simply argues that his continued confinement is unlawful, based on his challenge to his convictions and sentence in Grounds One, Two, and Three. (*See id.*)

As the Court will discuss in greater detail below, Petitioner filed the instant Petition in October of 2023, raising a claim based on the Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022), and challenging the sufficiency of his indictment and the length of his sentence. (ECF No. 11-1, at 11–13.)  The Court ordered a limited answer on the issue of jurisdiction. (ECF Nos. 2, 12.)  Respondent filed his limited answer, (ECF No. 17), and Petitioner filed a Reply, (ECF No. 20).

## II.    STANDARD OF REVIEW

Courts hold *pro se* pleadings to less stringent standards than more formal pleadings drafted by lawyers. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Courts must construe *pro se* habeas petitions and any supporting submissions liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998).  If a court does not dismiss the petition at the screening stage, the court "must review the answer, any transcripts and records . . . to determine whether" the matter warrants an evidentiary hearing. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts (made applicable to proceedings under § 2241 by Rule 1(b)). "Whether to order a hearing is within the sound discretion of the trial court," and depends on whether the hearing "would have the potential to advance the petitioner's claim." *Campbell v. Vaughn*, 209 F.3d 280, 287 (3d Cir. 2000); *States v. Friedland*, 879 F. Supp. 420, 434 (D.N.J. 1995) (applying the § 2255 hearing standard to a § 2241 petition), *aff'd*, 83 F.3d 1531 (3d Cir. 1996).

## III.    DISCUSSION

The Court must address the issue of jurisdiction as it appears that the Court lacks jurisdiction under 28 U.S.C. § 2241 to hear the Petitioner's claims.  Under Ground One, Petitioner argues that after *Ruan v. United States*, 597 U.S. 450 (2022), the Court should vacate his

convictions because the jury instructions in his case, regarding *mens rea*, were erroneous. (ECF No. 11-1, at 3–9.)  In Ground Two, Petitioner contends that his convictions are invalid because some of the counts in his indictment were defective. (*Id*. at 9–10.)  Under Ground Three, Petitioner argues that his 240-month sentence is excessive or unreasonable. (*Id*. at 10–12.)  Finally, in Ground Four, Petitioner alleges that his continued confinement is unlawful, based on his earlier three claims. (*Id*. at 12.)  Consequently, all of Petitioner's claims challenge the validity of his convictions or sentence.

Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255.  *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)).  This is because 28 U.S.C. § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective."  *See* 28 U.S.C. § 2255(e).  More specifically, the "saving clause" in § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

However, § 2255 "is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of . . . § 2255." *Cradle v. U.S. ex rel. Miner*, 290 F.3d 536, 539 (3d Cir. 2002).  Rather, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Id*. at 538.  "The provision exists to ensure that petitioners have a fair

opportunity to seek collateral relief, not to enable them to evade procedural requirements." *Id.* at 539 (citing *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997)).

During the pendency of this case, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023). In *Jones*, the Supreme Court "sharply curtail[ed] the use of the saving[] clause for collateral attacks under § 2241," and limited its use to "the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Parke v. Bergami*, No. 21-20385, 2023 WL 6619636, at *2 (D.N.J. Oct. 11, 2023) (quoting *Jones*, 599 U.S. at 474); *see also Polk v. Warden Allenwood FCI*, No. 19-3336, 2023 WL 8665979, at *2 (3d Cir. Dec. 15, 2023); *Ferguson v. Warden Fairton FCI*, No. 17-2819, 2023 WL 8295925, at *2 (3d Cir. Dec. 1, 2023). As an example, the Supreme Court explained that such circumstances include "the sentencing court's dissolution; [as] a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 474; *see id.* at 504 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard effectively limits the saving clause to situations such as when the sentencing court "has burned to the ground or been carried away by a mudslide"). Additionally, "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones*, 599 U.S. at 475 (internal quotation marks omitted).

Thus, post-*Jones*, the saving clause under § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

In the present case, § 2255 is not inadequate or ineffective to raise Petitioner's claims. In Ground One, Petitioner relies on the Supreme Court's decision in *Ruan v. United States*, 597 U.S. 450 (2022), which was decided after Petitioner's trial. (ECF No. 11-1, at 1–9.) In that case, the Supreme Court addressed the *mens rea* requirement to convict doctors under the Controlled Substances Act, 21 U.S.C. § 841, which makes it a federal crime, "except as authorized, for any person [to] knowingly or intentionally . . . manufacture, distribute, or dispense a controlled substance." *Id.* at 454 (cleaned up). The Court held that "the statute's 'knowingly or intentionally' *mens rea* applies to authorization," thus, "[a]fter a defendant produces evidence that he . . . was authorized to dispense controlled substances, the Government must prove beyond a reasonable doubt that the defendant knew that he . . . was acting in an unauthorized manner, or intended to do so." *Id.* Petitioner argues that his convictions should be vacated because the jury instructions in his case, "incorrectly stated the law by omitting [that] *mens rea* element." (ECF No. 11-1, at 3 (internal quotation marks omitted)).

Section 2255, however, is not inadequate or ineffective to raise a *Ruan* claim or to challenge jury instructions in general. *See, e.g.*, *D'Amario v. U.S. Att'y Gen.*, 668 F. App'x 406, 407 (3d Cir. 2016) (noting that a jury instruction challenge could have been raised in a § 2255 motion); *Drabovskiy v. Warden FCI Allenwood*, 534 F. App'x 98, 100 (3d Cir. 2013) (same); *Young v. Yost*, 363 F. App'x 166, 168–69 (3d Cir. 2010); *Avery-Kelly v. United States*, No. 16-442, 2024 WL 5036649, at *7 (N.D. Ga. Sept. 11, 2024) (considering *Ruan* claim in a § 2255 motion); *United States v. Ignasiak*, No. 08-27, 2024 WL 947997, at *7 (N.D. Fla. Feb. 15, 2024) (same); *Oppong v. United States*, No. 18-0228, 2024 WL 474395, at *1 (S.D. Ohio Feb. 7, 2024) (same); *United States v. Ashrafkhan*, No. 11-20551, 2024 WL 37936, at *6 (E.D. Mich. Jan. 3, 2024) (same).

5

To the extent Petitioner alleges that *Ruan* was an intervening change in statutory law that he could not raise before, intervening changes in statutory law no longer qualify under the saving clause, 28 U.S.C. § 2255(e), following the Supreme Court's decision in *Jones*. *See, e.g.*, *Martinez v. United States*, No. 23-154, 2023 WL 5655533, at *3 (M.D. Pa. Aug. 31, 2023); *Dixon v. Knight*, No. 23-1764, 2023 WL 4366261, at *1 (D.N.J. Jul. 6, 2023); *see also Lang v. Smith*, No. 23-252, 2024 WL 815518, at *3 (N.D. Tex. Feb. 27, 2024) (citing cases).

Similarly, as to Ground Two, § 2255 is not inadequate or ineffective to challenge the sufficiency of an indictment. *See, e.g.*, *United States v. Murphy*, 479 F. App'x 418 (3d Cir. 2012) ("To the extent that [a petitioner] wishes to challenge his conviction or sentence via an attack on the sufficiency of the indictment . . . the proper way to do so is via a motion to vacate under 28 U.S.C. § 2255."); *Amede v. Ortiz*, No. 20-7206, 2020 WL 6779134, at *1 (D.N.J. Nov. 18, 2020); *Robinson v. Ortiz*, No. 18-859, 2018 WL 6318372, at *2 (D.N.J. Nov. 30, 2018).

As to Ground Three, to the extent Petitioner is raising constitutional challenges to the length of his sentence, (*see* ECF No. 11-1, at 11–12), § 2255 is not inadequate or ineffective to raise such claims. *See, e.g.*, *Coplin v. Zickefoose*, No. 11-4422, 2011 WL 3444206, at *3 (D.N.J. Aug. 5, 2011) (explaining that equal protection challenges to one's sentence are cognizable under a § 2255 motion); *United States v. Franco*, No. 92-879, 2009 WL 482305, at *4 (C.D. Cal. Feb. 23, 2009) (citing cases); *Turner v. Keller*, 994 F. Supp. 631, 633 (W.D. Pa. 1998) ("[A] Section 2255 motion is generally the proper procedure for challenging the imposition or length of a sentence."). To the extent Petitioner contends that his sentence resulted in a "miscarriage of justice," (*see* ECF No. 11-1, at 11–12), he may also raise that claim through a § 2255 motion. *See, e.g.*, *United States v. Folk*, 954 F.3d 597, 602 (3d Cir. 2020); *Rock v. United States*, No. 20-16059, 2023 WL 8759091, at *6 (D.N.J. Dec. 19, 2023).

Finally, to the extent that Petitioner challenges his sentence as deficient from a "jurisdictional standpoint," (ECF No. 11-1, at 11), jurisdictional challenges are a type of claim specifically enumerated under § 2255. *See* 28 U.S.C. § 2255(a) (stating that a prisoner may move to vacate a sentence that "was imposed . . . without jurisdiction"); *see also e.g.*, *Osborne v. Ortiz*, No. 20-20561, 2022 WL 2067282, at *1 (D.N.J. June 8, 2022); *Samuels v. United States*, No. 20-6970, 2021 WL 194762, at *4 (D.N.J. Jan. 19, 2021). Since Ground Four simply alleges that his continued confinement is unlawful based on his first three claims, § 2255 is not inadequate or ineffective for substantially the same reasons discussed above.  Nor has Petitioner otherwise met the "impossible or impracticable" standard to trigger the saving clause, *Jones*, 599 U.S. at 474, as his sentencing court, the United States District Court for the Northern District of Texas, has not "burned to the ground or been carried away by a mudslide." *Id*. at 504 (J. Jackson, dissenting).

In his Reply, Petitioner argues that *Jones* does not apply because he has never filed a § 2255 motion.  (ECF No. 20, at 2–3.)  Petitioner's argument misses the point, § 2255(e) *prohibits* this Court from considering a petition for writ of habeas corpus under § 2241, if has failed to file a § 2255 motion, *unless* he can show that § 2255 is inadequate or ineffective to raise his claims. 28 U.S.C. § 2255 (stating that a habeas petition "shall not be entertained if it appears that the applicant has failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, . . . unless it . . . appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention").

For all the above reasons, the Court would ordinarily dismiss the Petition for lack of jurisdiction under § 2241.  However, when a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. §

7

1631.  In his Reply, Petitioner alleged that he has not yet filed a § 2255 motion, (ECF No. 20, at 2), and upon the Court's review, it appears that that remains the case.  As Petitioner's claims could theoretically have merit, the Court finds that it is in the interest of justice to transfer this matter to Petitioner's sentencing court.

## IV.    CONCLUSION

For the reasons above, the Court will construe the Petition as a motion under § 2255 and transfer this matter to Petitioner's sentencing court, the United States District Court for the Northern District of Texas.  An appropriate Order follows.


DATED:  April 16, 2025

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**