IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CAESAR MARK CAPISTRANO, § | |
| § | |
| Movant, § | |
| § | |
| V. § | NO. 4:25-CV-433-O |
| § | (NO. 4:20-CR-290-O) |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Came on for consideration the motion of Caesar Mark Capistrano under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply[1], the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

On December 16, 2020, Movant was named in a second superseding indictment charging him in count one with conspiracy to dispense and distribute or possess with intent to dispense and distribute, outside the scope of professional practice and not for a legitimate medical purpose, a mixture or substance containing a detectable amount of hydrocodone, in violation of 21 U.S.C. § 846, in count two with conspiracy to dispense and distribute or possess with intent to dispense and distribute, outside the scope of professional practice and not for a legitimate medical purpose, a mixture or substance containing a detectable amount of carisoprodol, in violation of 21 U.S.C. § 846, in count three with conspiracy to dispense and distribute or possess with intent to dispense and distribute, outside the scope of professional practice and not for a legitimate medical purpose,

---

[1] The reply is subject to being stricken as it greatly exceeds the ten-page limit set by Local Civil Rule 7.2(c).

a mixture or substance containing a detectable amount of promethazine with codeine, in violation of 21 U.S.C. § 846, in count eighteen with possession with intent to distribute and dispense hydrocodone in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (E)(2), and 18 U.S.C. § 2, in count nineteen with possession with intent to distribute and dispense carisoprodol in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), (E)(2), and 18 U.S.C. § 2, and in count twenty-three with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h). CR ECF No.[2] 612. He was tried and found guilty by a jury of all counts.[3] CR ECF No. 926.

The probation officer prepared the presentence report ("PSR"), which reflected that Movant's base offense level was 34. CR ECF No. 1374, ¶ 61. He received a two-level increase for vulnerable victims, *id.* ¶ 62, a four-level increase for role as organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, *id.* ¶ 64, and a two-level increase for abuse of a position of trust. *Id.* ¶ 65. Based on a total offense level of 42 and a criminal history category of I, Movant's guideline imprisonment range was 360 months to life; however, the statutorily-authorized maximum sentences were less than the applicable guideline range, so the guideline range became 360 to 660 months. *Id.* ¶ 101. Movant filed objections to the PSR, CR ECF No. 1514, and the probation officer prepared an addendum. CR ECF No. 1566. Movant also filed a sentencing memorandum seeking a below-guideline sentence. CR ECF No. 1663.

The Court sentenced Movant to a total term of imprisonment of 240 months. CR ECF No. 1738. He appealed. CR ECF No. 1763. The United States Court of Appeals for the Fifth Circuit

---

[2] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:20-CR-290-O.
[3] Count twenty-three was dismissed without prejudice before trial on motion of the government. CR ECF No. 894.

affirmed the judgment and sentence. *United States v. Capistrano*, 74 F.4th 756 (5th Cir. 2023). His petition for writ of certiorari was denied. *Capistrano v. United States*, 144 S. Ct. 516 (2023).

## II.  GROUNDS OF THE MOTION

Movant filed this action in the United States District Court for the District of New Jersey as a petition for writ of habeas corpus under 28 U.S.C. § 2241. ECF No.[4] 1. The petition was construed as a motion under § 2255 and transferred to this Court. ECF Nos. 22, 23. Movant raises three[5] grounds: (1) After *Ruan v. United States*, 597 U.S. 450 (2022), the Court should vacate his convictions because the jury instructions in his case regarding *mens rea* were erroneous. (2) His convictions are invalid because some of the counts of the indictment were defective. And, (3) his sentence is excessive or unreasonable. ECF No. 11.

## III.  APPLICABLE LEGAL STANDARDS

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on

---

[4] The "ECF No. __" reference is to the number of the item on the docket in this civil action.
[5] As the transferor court noted, the fourth ground is merely an allegation that Movant's continued confinement is unlawful. ECF No. 22 at 3.

direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua,* 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

## IV.   ANALYSIS

In support of his first ground, Movant argues that *Ruan* requires vacatur of his convictions. ECF No. 11-1 at 1–9. He argues, in sum, that the Fifth Circuit wrongly interpreted *Ruan* in affirming his convictions.[6] However, a motion under § 2255 is not a substitute for appeal and Movant is not entitled to a "do-over" here. *Brown v. United States*, 480 F.2d 1036, 1038 (5th Cir. 1973). Nor can he make new arguments that should have been made on appeal. *Placente*, 81 F.3d at 558. He has not shown cause and prejudice for his procedural default. *Id.* Any claim of actual innocence is belied by the record. *See* CR ECF No. 1958 (Sentencing Transcript) at 4–5 (summarizing evidence). And, a free-standing claim of actual innocence does not entitle a movant to relief in any event. *United States v. Fields*, 761 F.3d 443, 479 (5th Cir. 2014).

Movant's second ground, challenging alleged deficiencies in the indictment, is likewise procedurally defaulted. *Placente*, 81 F.3d at 558. Moreover, it appears that he is complaining of typographical errors that did not prejudice him. *See United States v. Cabello*, 33 F.4th 281, 287

---

[6] Movant devotes a portion of his brief to a discussion of alleged injustices by the Fifth Circuit, including its refusal to file his petition for rehearing because it was not timely received. ECF No. 11-1 at 7–9. Movant chose to proceed *pro se* and waive his right to counsel on appeal. *United States v. Capistrano*, No. 21-10620, Dkt. No. 180-1 (5th Cir. Mar. 22, 2022). He has no one but himself to blame for his failure to follow the applicable rules.

(5th Cir. 2022); *United States v. Chappell*, 6 F.3d 1095, 1099 (5th Cir. 1993).

Finally, Movant complains that his below-guidelines sentence was unreasonable. This ground, like the others, is procedurally defaulted. *See Viator v. United States*, No. 3:20-CV-531-D-BK, 2021 WL 1799428, at *2 (N.D. Tex. Apr. 7, 2021), *adopted*, 2021 WL 1789186 (N.D. Tex. May 5, 2021). A disagreement with the Court's application of the sentencing guidelines is not cognizable under § 2255. *United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999); *Bays v. United States*, No. 3:22-CV-615-B-BK, 2023 WL 9183713, at *10 (N.D. Tex. Dec. 20, 2023), *adopted*, 2024 WL 102930 (N.D. Tex. Jan. 9, 2024).

## V.   CONCLUSION

For the reasons discussed herein, the relief sought in Movant's motion is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** this **10th day** of **September, 2025**.

Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**